UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDY K. POWERS,

                            Plaintiff,

v.

LYONS CENTRAL SCHOOL DISTRICT,

                            Defendant.
_____

Case # 11-CV-6319-FPG

DECISION AND ORDER

      *Pro se* Plainitff Lindy K. Powers brings this action against her former employer, Lyons Central School District ("the school district"), alleging that she was discriminated against and was illegally terminated from her position on the basis of her sex. Dkt. # 1. On July 31, 2014, the school district filed a Motion for Summary Judgment[1], the Plaintiff responded to the motion on August 27, 2014, and the school district filed their reply on September 8, 2014. Dkt. ## 38, 39, 40.

      Procedurally, the Court is precluded from reaching the merits of the motion. It is well settled that when a party opposing a summary judgment motion is proceeding *pro se*, the movant is required to include what is commonly referred to as an *Irby* Notice with their moving papers. The school district failed to do that in this case. In *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001), the Second Circuit reminded parties and district courts "of the necessity that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of [Federal Rule of Civil Procedure] 56."

      As the Second Circuit stated:

---

[1] The Court considers the school district's statement of facts (Dkt. #37) to be a part of their Motion for Summary Judgment that was filed the following day.

> Rule 56 requires that an adverse party may not rest upon the mere allegations or denials of the pleading, but rather the response, by affidavits or other documentary evidence as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits, she must file her own affidavits contradicting his opponent's if she wants to preserve factual issues for trial, either the district court or the moving party is to supply the *pro se* litigant with notice of the requirements of Rule 56. *See McPherson v. Coombe*, 174 F.3d 276, 280-81 (2d Cir. 1999) (citation and quotation marks omitted) … In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic.

*Irby*, 262 F.3d at 414 (internal alterations and quotation marks omitted).

Rule 56(b) of the Local Rules of Civil Procedure for the Western District of New York implements the Second Circuit's decision in *Irby*, and requires that:

> Any party moving for summary judgment against a pro se litigant shall file and serve with the motion papers a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" in the form provided by the Court. Failure to file and serve the form notice *shall* result in denial of the motion, without prejudice to proper renewal. (emphasis added).

In this case, there is no evidence in the record that the school district included the required notice. Perhaps because of this, the Plaintiff's Response does not come close to meeting the requirements of Rule 56 for opposing a summary judgment motion. While the school district criticizes the Plaintiff for the "deficient evidentiary nature of [her] responsive submissions," Dkt. # 40, it was the school district's responsibility in the first place to properly notify the Plaintiff, who is proceeding *pro se*, of the rules surrounding, and the consequences of not following, responses to a summary judgment motion. Indeed, what has occurred here exemplifies the import of the *Irby* decision and Local Rule 56(b) – the moving party must notify a *pro se* litigant who is facing a summary judgment motion of the rules requirement. Making this notification is quite easy to accomplish, in that the Clerk's Office has a form notice available on their public website that litigants can utilize. Because the school district did not provide any such notice in this case, both *Irby* and Local Rule 56(b) require that the summary judgment motion be denied.

2

While the failure to provide an *Irby* notice to Plaintiff alone is fatal to the school district's summary judgment motion, I must also note that the school district's statement of material facts not in dispute is also deficient. Local Rule 56(a)(3) requires that "each statement by the movant or opponent [in the statement of material facts] must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e). Citations shall identify with specificity the relevant page and paragraph or line number of the authority cited." Despite this rule, the school district's statement of material facts does not contain a single citation to the record or to any admissible evidence. If the matters contained within the statement of facts not in dispute are not supported by evidence in admissible form, they are not properly considered by the Court. Without any citations, the Court cannot say that any of the statements are admissible, and the statement of material facts is therefore not in compliance with this Court's Local Rules, and cannot support a summary judgment motion.

## CONCLUSION

Defendant's Motion for Summary Judgment (Dkt. # 38) is DENIED WITHOUT PREJUDICE. As a matter of discretion, I will allow the school district to refile their summary judgment motion – if they choose to do so – in a manner that fully complies with the applicable rules. Should Defendants choose to file a properly supported motion for summary judgment that complies with this Court's Rules and the Second Circuit's decision in *Irby*, such motion must be filed by November 7, 2014.

IT IS SO ORDERED.

DATED:   October 23, 2014
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge