UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDY K. POWERS,

                        Plaintiff,

                                                   Case # 11-CV-6319-FPG

v.

                                                 DECISION AND ORDER &
                                                 ORDER TO SHOW CAUSE

LYONS CENTRAL SCHOOL DISTRICT,

                        Defendant.
_____

*Pro se* Plaintiff Lindy K. Powers brings this action against her former employer, Lyons Central School District ("the school district"), alleging that she was discriminated against and was illegally terminated from her position on the basis of her sex. Dkt. # 1. On July 31, 2014, the school district filed a Motion for Summary Judgment[1], the Plaintiff responded to the motion on August 27, 2014, and the school district filed their reply on September 8, 2014. Dkt. ## 38, 39, 40.

By Decision and Order dated October 23, 2014, I denied the Defendant's Motion for Summary Judgment without prejudice to refiling. Dkt. # 41; *Powers v. Lyons Central School District*, No. 11-CV-6319-FPG, 2014 WL 5449669 (W.D.N.Y. Oct. 23, 2014).

As was explained in the Order, I denied the summary judgment motion for two primary reasons. First, I could not reach the merits of the motion because the Defendant failed to demonstrate that they complied with the requirements of *Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001) and Rule 56(b) of the Local Rules of Civil Procedure for the Western District of New York, which require that a standard notification be provided to a *pro se* litigant opposing a summary judgment motion, and further require that the notification be filed with the Court.

_____
[1] The Court considers the school district's statement of facts (Dkt. # 37) to be a part of their Motion for Summary Judgment that was filed the following day.

Second, I noted that the Defendant's Motion for Summary Judgment suffered from an additional defect. I stated that:

> While the failure to provide an *Irby* notice to Plaintiff alone is fatal to the school district's summary judgment motion, I must also note that the school district's statement of material facts not in dispute is also deficient. Local Rule 56(a)(3) requires that the 'each statement by the movant or opponent [in the statement of material facts] must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e). Citations shall identify with specificity the relevant page and paragraph or line number of the authority cited.' Despite this rule, the school district's statement of material facts does not contain a single citation to the record or to any admissible evidence. If the matters contained within the statement of facts not in dispute are not supported by evidence in admissible form, they are not properly considered by the Court. Without any citations, the Court cannot say that any of the statements are admissible, and the statement of material facts is therefore not in compliance with this Court's Local Rules, and cannot support a summary judgment motion.

Dkt. # 41; *Powers,* 2014 WL 5449669, at *2. (W.D.N.Y. Oct. 23, 2014).

Subsequent to the filing of this Order, the Defendant re-filed their summary judgment motion, and included the *Irby* notice they sent to the Plaintiff. Yet, inexplicably, the Defendant did absolutely nothing to correct their statement of material facts, and seemingly ignored the entire section of my Order that is quoted above. Indeed, the re-filed summary judgment motion does not even contain a statement of material facts – the only such statement in the record is the deficient one that was previously filed.

To be clear, the Local Rules of the Western District of New York provide that a party moving for summary judgment must submit a "Statement of Facts" which requires the moving party to include with its motion for summary judgment a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." *See* W.D.N.Y. Loc. R. Civ. P. 56(a)(1). The Local Rules also provide that "[e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be

2

admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority. *See* W.D.N.Y. Loc. R. Civ. P. 56(a)(3). Similarly, Rule 56 of the Federal Rules of Civil Procedure plainly requires that any facts asserted in support of a summary judgment motion be "followed by citation to evidence which would be admissible."

Since the Defendant has, once again, failed to file a statement of material facts in compliance with the rule, their motion for summary judgment should be denied. *See, e.g., MSF Holding Ltd. v. Fiduciary Trust Co., Inter.*, 435 F. Supp. 2d 285, 304-05 (S.D.N.Y. 2006); *Albrecht v. Wackenhut Corp.*, No. 07-CV-6162, 2009 WL 3078880, at *5 (W.D.N.Y. Sept. 24, 2009) *aff'd*, 379 F. App'x 65 (2d Cir. 2010).

The remainder of the Defendant's Motion is also not in compliance with the rules that govern summary judgment motions. Although the Defendant has submitted exhibits in support of their claim that no genuine issues of material fact exist, the documents are not in admissible form. Rather, the exhibits are simply attached to defense counsel's affidavit, who does not purport to have personal knowledge of their contents or assert that such exhibits are otherwise self-authenticating or admissible. *See* Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge ... and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Accordingly, due to the Defendant's failure to comply with the applicable rules, resulting in the failure to submit a statement of material facts not in dispute with citations to admissible evidence, and because the evidence they did attempt to submit is not in admissible form and must be disregarded, the Defendant's Motion for Summary Judgment is, again, denied.

While I would be well within my discretion to simply set this matter down for trial, I will nevertheless permit the Defendant one final opportunity to submit a dispositive motion that

complies with the Federal Rules of Civil Procedure and this Court's Local Rules. If the Defendant chooses to submit such a motion, it is due by March 16, 2015.

At the same time, I cannot ignore the actions of defense counsel in this case, which have caused the Court to spend unnecessary time on her non-compliant submissions. The Supreme Court has stated what is (or should be) obvious to everyone: "that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458-60 (1975). For whatever reason, the Defendants counsel has again ignored the rules of this Court, and more troubling, blatantly ignored my prior Order that specifically informed her of their non-compliance. While all attorneys who practice before this court – especially those who are partners in their firm and have been practicing law for nearly 20 years, as is the case here – are expected to know the rules and follow them, mistakes can occur. But this latest transgression cannot be categorized as a mistake, since I directly pointed out the non-compliance, and afforded Defendant's counsel an opportunity to correct it. Rather than correcting her prior mistake, defense counsel disregarded the rules yet again, and ignored my prior Order. Such conduct is unacceptable and will not be tolerated. Based upon defense counsel's disregard for both the rules of this Court and my prior Order, Defendant's counsel, Ms. Aimee LaFever Koch, is hereby ordered to show cause, in writing and before March 16, 2015, why she should not be sanctioned for her misconduct.

## CONCLUSION

For the foregoing reasons, Defendant's renewed Motion for Summary Judgment (Dkt. # 42) is DENIED WITHOUT PREJUDICE. As a matter of discretion, I will again allow the school district to refile their summary judgment motion – if they choose to do so – in a manner that fully complies with the applicable rules. Should Defendant choose to file a properly supported motion for summary judgment that complies with this Court's Rules, such motion

must be filed by March 16, 2015. In addition, for the reasons previously stated, Ms. LaFever Koch is Ordered to Show Cause, in writing and before March 16, 2015, why she should not be sanctioned for her misconduct in this case.

IT IS SO ORDERED.

DATED:   March 4, 2015
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge